**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA JAROSLAWSKY, | No. C 12-04949 JSW |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

Now before the Court is the motion to dismiss filed by the City and County of San Francisco ("City"), Marla Jurosek ("Jurosek") and Laura Pagano ("Pagano") (collectively "Defendants"). Having carefully considered the parties' arguments and the relevant legal authority, the Court hereby DENIES Defendants' motion.

## BACKGROUND

Cecilia Jaroslawsky ("Jaroslawsky") is a woman over 40 years old. (Compl. ¶ 1.) On May 18, 2010, the City's Planning Department terminated Jaroslawsky for allegedly distributing sexually explicit images. (*Id*. ¶ 10.) Jaroslawsky grieved the termination pursuant to a collective bargaining agreement, which led to her reinstatement without back pay. (*Id*. ¶ 10.) Additionally, Jaroslawsky was transferred to the Public Utilities Commission with a "last chance" clause related to her reinstatement. (*Id*. ¶ 12.) On January 13, 2012, Jaroslawsky filed a state court action in the Superior Court of the State of California against the Planning Department, in relation to her May 2010 termination. (*Id*. ¶¶ 8-13.)

In the complaint filed in this action, Jaroslawsky alleges that since about May 2012, Defendants have engaged in unwarranted criticism of her work performance on account of her age, and in retaliation for the lawsuit she filed and her opposition to Defendants' continuing discriminatory actions against her. (*Id*. ¶¶ 14, 16.) Specifically, Jaroslawsky alleges that the Defendants have: wrongfully asserted that her skill set does not match the duties of her job; contended that she is not competently performing the duties of her classification; stated that she is overpaid; threatened to relocate her; threatened to terminate her; warned co-workers not to associate with her; denied her requests for flex hours but granted similar requests by others; abruptly changed and eliminated most of her assignments and denied her new assignments; threatened to give her duties outside her classification of Planner III; and initiated a "highly irregular" and "constantly changing" work performance evaluation process, which Jaroslawsky asserts is "clearly designed to facilitate the termination of her employment or the 'relocation' of her position." (*Id*. ¶¶ 14-15.)

Based on these allegations, Jaroslawsky brings claims for age discrimination, retaliation, and harassment, in violation of the Age Discrimination in Employment Act ("ADEA") and the Fair Employment and Housing Act ("FEHA").

## ANALYSIS

Defendants move to dismiss Jaroslawsky's Complaint on the basis that the allegations fail to establish retaliation, discrimination, and harassment under the ADEA and FEHA. Specifically, Defendants argue that Jaroslawsky fails to plead sufficient facts to demonstrate an adverse employment action, which is an essential element of her retaliation and discrimination claims. *See Chuang v. University of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000) (discrimination under ADEA); *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000) (discrimination under FEHA); *Poland v. Hertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007) (retaliation under ADEA); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005) (retaliation under FEHA). Furthermore, Defendants argue that Jaroslawsky fails to allege facts that qualify as severe or pervasive harassment, the only element of her hostile work environment claims at issue here. *See Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th

Cir. 2003) (hostile work environment harassment under ADEA); *Jones v. Dep't of Corr. and Rehab.*, 152 Cal. App. 4th 1367, 1377 (2007) (hostile work environment harassment under FEHA).

**A.      Legal Standard on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to Twombly, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.      Jaroslawsky's Claims for Discrimination and Retaliation Survive the Motion to Dismiss.**

Defendants move to dismiss Jaroslawsky's discrimination and retaliation claims on the basis that her allegations do not qualify as adverse employment actions under the ADEA or FEHA. For the purposes of a discrimination claim under the ADEA and FEHA, an adverse employment action is one that materially affects the terms, conditions, or privileges of the

3

plaintiff's employment. *See Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004); *Yanowitz*, 36 Cal. 4th at 1052. In the context of a retaliation claim, an adverse employment action under the ADEA includes those actions that materially affect the terms, conditions, or privileges of employment as well as actions that would have dissuaded a reasonable worker from making or supporting a charge of discrimination. *See Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Cozzi v. County of Marin*, 787 F. Supp. 2d 1047, 1066 (N.D. Cal. 2011). Under FEHA, an adverse employment action in the retaliation context is limited to those actions that materially affect the terms, conditions, or privileges of employment. *See Yanowitz*, 36 Cal. 4th at 1051. However, for both types of claims, whether under the ADEA or FEHA, ordinary tribulations of the workplace, or trivial harms, do not constitute adverse employment actions. *See Burlington Northern*, 548 U.S. at 68-70; *Yanowitz*, 36 Cal. 4th at 1054-55; *see also Cozzi*, 787 F. Supp. 2d at 1067 ("minor or relatively trivial adverse actions are not actionable").

In *Yanowitz*, the defendant subjected the plaintiff to months of "unwarranted and public criticism," an "implied threat of termination, contacts with subordinates that only could have the effect of undermining a manager's effectiveness, and new regulation of the manner in which the manager oversaw her territory." *Yanowitz*, 36 Cal. 4th at 1060. The court found that these types of actions were sufficient to establish an adverse employment action. *Id.* at 1061. Specifically, the court held that "actions that threaten to derail an employee's career are objectively adverse." *Id.* at 1060. Here, Jaroslawsky alleges that, among other things, Defendants warned co-workers not to associate with her, denied her requests for flex hours but granted similar requests to others, and also, without justification, changed and eliminated most of her work assignments while denying her new assignments. (Compl. ¶¶ 14-15.) As in the *Yanowitz* case, these actions, if true, could have materially affected the terms, conditions, or privileges of her employment. Specifically, eliminating an employee's work assignments and denying her new assignments could have the effect of jeopardizing an employee's career, depending on the particular context. *See Yanowitz*, 36 Cal. 4th at 1052 ("Retaliation claims are

4

1 inherently fact specific, and the impact of an employer's action in a particular case must be
2 evaluated in context."). In addition, the court in *Yanowitz* addressed the issue on summary
3 judgment. *See id.* at 1037. This case is at the pleading stage. Thus, taking Jaroslawsky's
4 allegations as true, this Court finds that Jaroslawsky has alleged facts sufficient to demonstrate
5 she suffered an adverse employment action.

**C.     Jaroslawsky's Claims for Harassment Survive the Motion to Dismiss.**

Defendants move to dismiss Jaroslawsky's hostile work environment harassment claims on the basis that Jaroslawsky has not alleged employer actions which qualify as sufficiently severe or pervasive to alter the terms and conditions of her employment. In order to be perceived as hostile, a working environment must be "subjectively and objectively" hostile. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). A determination of whether conduct qualifies as hostile includes its frequency, severity, nature, and whether it is physically threatening or humiliating as opposed to merely verbally offensive. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005); *Cozzi*, 787 F. Supp. 2d at 1070. Simple teasing, offhand comments, and isolated incidents, unless extremely serious, fall into the category of non-actionable discrimination. *See, e.g., Manatt*, 339 F.3d at 798. "The required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct." *Brooks*, 229 F.3d at 926. California courts apply the same standard in claims for harassment under FEHA. *See Cozzi*, 787 F. Supp. 2d at 1069.

Jaroslawsky alleges that Defendants made continuous threats to terminate or to relocate her employment, denied her requests flex hours but granted similar requests to others, subjected her to continuous harassment, humiliation, ridicule, and isolation, and have changed and eliminated most of her work assignments while denying her any new work assignments. (Compl. ¶ 14.) Jaroslawsky alleges a pattern of continuous employer harassment, which distinguishes the facts of this case from cases where a defendant's actions were isolated and not pervasive. *See, e.g., Manatt*, 339 F.3d at 799 (noting that had "these actions occurred repeatedly, Manatt may very well have had an actionable hostile environment claim"); *Brooks*, 229 F.3d at 927 (the sexual advances "of which Brooks complains [were] highly reprehensible"

... but "the harassment here was an entirely isolated incident" without precursors or repeated incidents); *Jones*, 152 Cal. App. 4th at 1378-79 (2007) ("These incidents are akin to being a collection of isolated and objectively non-discriminatory events."). Moreover, "the real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81-82 (1998). At the pleading stage, a court may not have a complete picture of the circumstances surrounding the allegations of harassment. Thus, taking Jaroslawsky's allegations as true, this Court finds that Jaroslawsky has alleged facts sufficient to demonstrate a hostile working environment.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 28, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE